**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **No. 3:06-cr-328-N-3** |
| | § | |
| **MARGARITO ARMIJO,** | § | |
| **#36250-177,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant Margarito Armijo's pro se *Sentence Reduction Under the First Step Act [~ 924(C) "Stacking"]* and *Sent*[*en*]*ce Reduction Motion Under 4B1.2, Change of Definition of Robbery, Favors Defendant ~ 924(C)*. Dkt. Nos. 243, 246. After considering the motions, the record, and the applicable authorities, the Court **DENIES** the motions.

**I. BACKGROUND**

In April 2008, a jury found Defendant guilty of eight counts of conspiracy to commit bank robbery, eight counts of bank robbery, and sixteen counts under 18 U.S.C. § 924(c)(1)(A) of using, carrying, and brandishing a firearm during, or in relation to, a crime of violence; the predicate offenses for the § 924(c) counts were the charged conspiracy and bank robbery counts. *See* Dkt. No. 123. At the time of Defendant's convictions and sentencing, § 924(c) "included a 'stacking provision' that required a district court to impose consecutive sentences of 25 years' imprisonment for 'second or subsequent' convictions of the statute, even if those convictions occurred at the same time as a defendant's first conviction for violating the statute." *United States v. Lang*, No. 04-11, 2023 WL 6065156, at *2 (E.D. La. Sept. 18, 2023). Because Defendant was charged with and convicted of his first and his fifteen subsequent § 924(c) violations in this criminal case, he was sentenced to mandatory minimum sentences of 84 months

on his first § 924(c) violation and 300 months on each of the remaining 15 § 924(c) violations, each to run consecutively to one another and to the sentences imposed on the conspiracy and bank robbery counts. *See* Dkt. No. 160. He was sentenced to a total term of 4,692 months' imprisonment for all counts. *See id.* His convictions and sentences were affirmed on appeal, and his motion to vacate sentence under 28 U.S.C. § 2255 was denied with prejudice as barred by the statute of limitations. *See United States v. Montes*, 602 F.3d 381 (5th Cir. 2010); *Armijo v. United States*, No. 3:16-CV-1883-N (BH), 2017 WL 4773371 (N.D. Tex. Sept. 18, 2017), *rec. adopted*, 2017 WL 4772707 (N.D. Tex. Oct. 20, 2017).

On December 21, 2018, Congress enacted the First Step Act of 2018 ("First Step Act"). *See* Pub. L. No. 115-391, 132 Stat. 5194 (2018). In relevant part, the First Step Act amended § 924(c)(1)(C), the provision that imposed a 25-year mandatory minimum sentence for repeat § 924(c) offenders, to eliminate "stacking" of § 924(c) sentences. *See id.*, § 403. After that amendment—which was not made retroactive—the 25-year mandatory minimum applies only "[i]n the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final[.]" 18 U.S.C. § 924(c)(1)(C).

In his pending motions, Defendant now appears to seek a sentence reduction to time served under 18 U.S.C. § 3582(c)(1)(A) based on the non-retroactive changes to the "stacking" provision of § 924(c) under the First Step Act, the definition of "robbery" following the November 2023 amendments to the United States Sentencing Guidelines, the sentencing factors under 18 U.S.C. § 3553(a), and his rehabilitation efforts while incarcerated. *See* Dkt. No. 243 at 1-8; Dkt. No. 246 at 1-2.

## II. ANALYSIS

A prisoner seeking compassionate release under § 3582(c)(1)(A) must show that (1) "extraordinary and compelling reasons" justify the reduction of his sentence; (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a)." *United States v. Jackson*, 27 F.4th 1088, 1089 (5th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted). Relevant here, on November 1, 2023, the Sentencing Commission issued an amended policy statement setting forth non-exclusive circumstances that constitute extraordinary and compelling reasons for purposes of § 3582(c)(1)(A), and an amendment to U.S.S.G. § 4B1.2 to include an additional definition of "robbery" in the context of offenses constituting a crime of violence for purposes of sentencing career offenders. *See* U.S.S.G. § 1B1.13; U.S.S.G. § 4B1.2(e)(3).

As an initial matter, before the above-referenced policy statement was issued, the Fifth Circuit had held that "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at *2 (5th Cir. June 22, 2023). After the issuance of the policy statement, and considering same, the Fifth Circuit again held that a "non-retroactive change in the law affects every prisoner previously sentenced under that provision in the exact same way" and therefore "is not an extraordinary or compelling reason to reduce a prisoner's sentence." *United States v. Austin*, 125 F.4th 688, 692 (5th Cir. 2025) (citing *United States v. Escajeda*, 58 F.4th 184, 186 (5th Cir. 2023)). Accordingly, Defendant has not asserted an extraordinary and compelling reason to support a sentence reduction based on the First Step Act's sentencing change to § 924(c).

Regarding the 2023 amendment to the sentencing guidelines that added an additional definition for "robbery" under § 4B1.2, Defendant argues that his initial § 924(c) conviction should be vacated based on this amendment and that his "robberies now do NOT meet the threshold of definition of 'CRIMES OF VIOLENCE[,]' thus, do NOT qualify [him] for an enhancement of the ~924([c])" convictions. Dkt. No. 246 at 1 (emphasis in original). Defendant's allegations challenge the validity of several of his convictions and sentences. Such challenges must be raised pursuant to the habeas provisions of Chapter 153 of Title 28 and are not cognizable under § 3582(c)(1)(A). *See Escajeda*, 58 F.4th at 187 ("[A] prisoner cannot use § 3582(c) to challenge the legality or the duration of his sentence[.]"). Defendant's sentence-based challenge therefore provides no basis for relief under § 3582(c)(1)(A).

As for Defendant's arguments for relief based on his rehabilitation efforts, the Court concludes that they fail to establish extraordinary and compelling reasons for purposes of a sentence reduction under § 3582(c)(1)(A). The Court acknowledges Defendant's rehabilitation efforts, but rehabilitation "is not, by itself, an extraordinary and compelling reason." U.S.S.G. § 1B1.13(d).

Further, even if Defendant's arguments were sufficient to show extraordinary and compelling reasons for a sentence reduction, based on the record as a whole and after weighing the § 3553(a) sentencing factors, the Court finds in its discretion that they do not support his motions for a sentence reduction. *See United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (noting that "compassionate release is discretionary, not mandatory, and c[an] be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The nature and circumstances of Defendant's offenses and his history and characteristics do not justify a modified or reduced sentence.

Defendant was convicted by a jury of all 32 counts with which he was charged, as discussed. He did not accept responsibility for his crimes in this case, and in fact obstructed justice by committing perjury during his testimony at trial. Additionally, the presentence investigation report prepared in this case shows that he and several accomplices participated in armed robberies of least eight banks within this judicial district in the summer and fall of 2006. During the bank robberies, Defendant and his accomplices threatened force or violence and used, carried, and brandished handguns to control bank employees and others. To further facilitate their robberies and escapes, they wore ski masks and utilized stolen vehicles that were later abandoned. Numerous bank employees and customers reported to law enforcement that they were significantly impacted by, and feared for their lives during, the robberies, and the robberies resulted in an actual loss amount of over $122,000. The robberies stopped only after his two co-defendant accomplices were arrested in the vicinity where they were to meet Defendant after one of the bank robberies; Defendant was arrested several months later. The Court also notes that although Defendant has participated in and completed various courses, has held many work assignments, and had not been disciplined in the four years before he filed his motions, he had multiple previous infractions, including two for drug-related conduct, three for fighting or assaulting another person, three for refusing to obey an order, and one each for engaging in a group demonstration, interfering with taking count, and disruptive conduct.

Given the above, reducing Defendant's sentence will not adequately reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offense, adequately deter criminal conduct, or protect the public from further crimes. Moreover, even considering Defendant's positive post-conviction conduct and the amount of time he has served to date, the Court finds that the § 3553(a) factors do not support a sentence reduction at this time.

*See Concepcion v. United States*, 597 U.S. 481, 486 (2022) ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's pro se *Sentence Reduction Under the First Step Act [~ 924(C) "Stacking"]* and *Sent*[*en*]*ce Reduction Motion Under 4B1.2, Change of Definition of Robbery, Favors Defendant ~ 924(C)*.

**It is so ordered** this 9th day of September, 2026.

David C. Godbey
Senior United States District Judge